

**CT Corporation**
**Service of Process Notification**
08/18/2022
CT Log Number 542141185

## Service of Process Transmittal Summary

**TO:**   KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:**   **Process Served in South Carolina**

**FOR:**   WALMART INC.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Minus Catrina // To: WALMART INC. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint, Standard and First Set of Interrogatories, First Requests |
| **COURT/AGENCY:** | Charleston County Court of Common Pleas, SC<br>Case # 2022CP1003498 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 05/31/2021, Store #3367, at 4920 Centre Pointe Drive, North Charleston, South Carolina 29418 |
| **PROCESS SERVED ON:** | CT Corporation System, Columbia, SC |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 08/18/2022 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED:** | South Carolina |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after the service hereof, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Scott E. Kegel<br>Scott E. Kegel Law Offices<br>103 Palm Boulevard, Suite 3E<br>Isle of Palms, SC 29451<br>843-270-1005 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/18/2022, Expected Purge Date: 08/28/2022<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>2 Office Park Court<br>Suite 103<br>Columbia, SC 29223<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT



**CT Corporation**
**Service of Process Notification**
08/18/2022
CT Log Number 542141185

disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

CERTIFIED MAIL

7022 0410 0000 8987 4190



1000        29223

SCOTT E. KEGEL LAW OFFICES
PO BOX 403
ISLE OF PALMS, SC 29451

CT Corporation System
2 Office Park Court, Suite 103
Columbia, South Carolina 29223

# SCOTT E. KEGEL LAW OFFICES

103 PALM BOULEVARD, SUITE 3E
PO BOX 403
ISLE OF PALMS, SOUTH CAROLINA 29451
(843) 270-1005 (888) 613-3704 FAX
sekegel@bellsouth.net
www.scottkegellawoffices.com

SCOTT E. KEGEL
ALLISON GUTBERLET
Of Counsel

August 16, 2022

CT Corporation System
2 Office Park Court, Suite 103
Columbia, South Carolina 29223

**Via Certified Return Receipt Mail**

    **Re: <u>Catrina Minus v. Walmart Inc.</u>**
    **Case No.: 22-CP-10-3498**

Dear Sir or Madam,

    Enclosed for service upon you as registered agent for the Defendant please find a copy of the Summons and Complaint and Plaintiffs Initial Discovery Requests to Defendant concerning the above-captioned matter.

    With kind regards,

                Very Truly Yours,

                Scott E. Kegel

SEK/

Enclosure: Summons and Complaint; Initial Discovery Requests

CT.01

ELECTRONICALLY FILED - 2022 Aug 03 5:00 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1003498

IN THE STATE OF SOUTH CAROLINA )
COUNTY OF CHARLESTON )

IN THE COURT OF COMMON PLEAS
FOR THE 9TH JUDICIAL CIRCUIT
CASE NO: 2022-CP-10-_____

Catrina Minus,

Plaintiff,

v.

Walmart, Inc., DBA Walmart 3367,

Defendant.

**SUMMONS**
**(Jury Trial Demanded)**

**TO:    THE DEFENDANTS ABOVE NAMED:**

**YOU ARE HEREBY SUMMONED** and required to Answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to said Complaint upon the Plaintiff or her attorney, Scott E Kegel and Allison Gutberlet at 103 Palm Blvd Suite 3E, PO Box 403, Isle of Palms, SC 29451 within (30) days after the service hereof, exclusive of the day of such service and if you fail to Answer the Complaint within the time aforesaid, Plaintiff will apply to the court for the relief demanded in the Complaint.

Respectfully submitted,

s/Scott E. Kegel
Scott E. Kegel (Bar# 9356)
Allison Gutberlet (Bar# 104654)
Post Office 403
Isle of Palms, South Carolina 29451
(843) 270-1005
(888) 613-3704
sekegel@bellsouth.net
Attorneys for Plaintiff

August 3, 2022
Isle of Palms, South Carolina

0

ELECTRONICALLY FILED - 2022 Aug 03 5:00 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1003498

IN THE STATE OF SOUTH CAROLINA )
COUNTY OF CHARLESTON )

Catrina Minus,

                              Plaintiff,

            v.

Walmart, Inc., DBA Walmart 3367,

                              Defendant.

IN THE COURT OF COMMON PLEAS
FOR THE 9TH JUDICIAL CIRCUIT
CASE NO: 2022-CP-10-_____

**COMPLAINT**
**(Jury Trial Demanded)**

The Plaintiff, complaining of the Defendants, alleges and says as follows:

## PARTIES AND JURISDICTION

1. That the Plaintiff, Catrina Minus, (herein referred to as "Plaintiff") is a citizen and resident of Charleston County, State of South Carolina.

2. Upon information and belief, the Defendant, WALMART is a corporation organized under the laws of a state other than South Carolina; said Defendant is authorized to and conducts business in the State of South Carolina, County of Charleston, and owns and operates retail snown as Walmart.

3. On or about May 31, 2021, Plaintiff Minus was a patron and business invitee of Walmart store # 3367 , located at 4920 Centre Pointe Drive, North Charleston, SC 29418.

4. At all times mentioned herein, Walmart owed a duty to all business invitees, invitees including  Minus, not to injure her by the negligence of its agents or employees and to use due care to discover and eliminate any unsafe conditions or to warn of unreasonable risks within the store.

5. Plaintiff is informed and believes that the Defendant  owns and operates a retail store in Charleston County, South Carolina, known as the North Charleston

ELECTRONICALLY FILED - 2022 Aug 03 5:00 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1003498

Supercenter, or Walmart Store 3367, and is generally open to the public for the purpose of selling various types of merchandise, including but not limited to groceries, apparel, sporting goods, furnishings, health-related products, etc.

6. That at all times relevant, Defendant was the owner/operator with responsibility for cleaning, monitoring, managing and/or maintaining the Premises in order to ensure that it was safe, maintained, and not dangerous to customers/invitees.

7. That all references to "Defendants" collectively includes: Defendant and any and all employees, contractors, and/or agents acting their behalf.

8. That the injury which is the subject of this action occurred in Charleston County, State of South Carolina.

9. That this Court has jurisdiction over the parties and the subject matter of this action.

## SPECIFIC AVERTMENTS

10. That on or about May 31, 2021, the Plaintiff was a customer, as an invitee and for the benefit of the Defendants, at Defendants' place of business located at 4920 Centre Pointe Dr. North Charleston, SC 29418.

11. That on or about May 31, 2021 Plaintiff was shopping for a crock pot in the Defendant's store and sought assistance from a sales associate working in the area.

12. The sales associate was actually the Assistant Manager.

13. Plaintiff asked for assistance getting a crockpot off of the top shelf which was unreachable by Plaintiff and Assistant Manager.

14. Assistant Manager used a ladder attached to a shopping cart to retrieve the crock pot for the Plaintiff.

15. Assistant Manager did not call for another employee to assist her.

ELECTRONICALLY FILED - 2022 Aug 03 5:00 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1003498

16. While still on the ladder, Assistant Manager turned with crock pot in hand and attempted to hand to the crockpot to the Plaintiff from the ladder.

17. The crockpot was dropped on the hand of Plaintiff resulting in injuries.

18. That Defendants either knew or should have known that handing Plaintiff a crockpot from an elevated position presented a danger to customers of Defendants' business and that Defendants created the dangerous condition.

19. That Plaintiff subsequently suffered an extreme high-impact collision with the heavy crockpot, proximately resulting in severe and acute injuries requiring extensive medical treatment.

20. That the Defendants owed a duty of care to Plaintiff and other patrons to maintain safe conditions on the premises.

21. That as a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, willfulness, wantonness, and acts and/or omissions of the Defendants, as is set forth more fully above, Plaintiff was injured, has endured pain and suffering, has suffered mentally and emotionally, and has incurred, and will incur various medical expenses, and has otherwise been damaged and injured.

22. That the injuries and damages to Plaintiff were caused directly and proximately by one or more of the following negligent, negligent *per se,* grossly negligent, careless, reckless, willful, wanton and unlawful acts, and/or omissions of the Defendants in any one or more of the following ways:

  a.    In failing to observe the dangerous conditions upon the subject premises;

  b.    In failing to follow Defendant's Policies and Procedures;

  c.    In failing to properly train staff on creating dangerous conditions;

ELECTRONICALLY FILED - 2022 Aug 03 5:00 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1003498

d. In failing to appreciate the gravity of the dangers associated with handing licensees and invitees heavy objects from an elevated position;

e. In failing to manage its employees and to enforce whatever protocols, if any, that existed at the time and place in question related to safety;

f. In failing to enact policies and procedures that would ensure the safety of licensees and invitees on the premises of Defendants' place of business;

g. In failing and omitting to take any precaution whatsoever of a reasonable nature to protect this Plaintiff from the dangers on the premises on the occasion that the Plaintiff was using the same;

h. In failing to use at least ordinary care to clean, monitor, or maintain the premises of Defendants' place of business to keep it safe;

i. In failing to adequately warn the Plaintiff as to any dangers that may be present on the premises;

j. In failing to use at least ordinary care to manage, direct, superintend, restrict, regulate, govern, administer, and/or oversee the management of Defendants' place of business to keep it safe, clean, and not dangerous to customers; and

k. In any such manner the Plaintiff may discover through the discovery process or trial.

23. That as a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, willfulness, and wantonness of the Defendants, as is set forth more fully above, Plaintiff has been damaged and injured in the following respects:

a. Plaintiff has been required to expend a significant amount of money for

ELECTRONICALLY FILED - 2022 Aug 03 5:00 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1003498

her medical care, treatment, and attendant services;

b.      Upon information and belief, the nature of the Plaintiff's injuries will require her to expend a significant amount of money for her medical care, treatment, and attendant services in the future; and

c.      The pain of her injuries has resulted in her loss of enjoyment of life, mental and emotional distress, and change in her personality, all to the permanent detriment of her health and physical and mental well-being;

24. That the Defendants' acts and omissions, as are set forth more fully above, show willful misconduct, malice, wantonness, and an entire want of care, raising a presumption of the Defendants' conscious indifference to the consequences of such acts and omissions.

25. That because of the Defendants' acts and omission and the proximate harm resulting to Plaintiff, Plaintiff should be awarded punitive and actual damages in an amount to be determined by the trier of fact, in order to punish and penalize the Defendants and to deter the Defendants and others from similar behavior.

26. That upon information and belief, Plaintiff is entitled to judgment against the Defendants for actual, compensatory, and exemplary or punitive damages for her personal injuries set forth herein an amount that is fair, just, and reasonable under the circumstances, plus whatever costs, interest, and attorney's fees to which she may be entitled, to be determined by a jury.

ELECTRONICALLY FILED - 2022 Aug 03 5:00 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1003498

**WHEREFORE**, the Plaintiff prays for judgment against the Defendants for an amount to be ascertained by the jury at the trial of this action for all damages, punitive and actual, for the cost and disbursements of this action, and both prejudgment and post judgment interest, and for such other and further relief, in law or in equity, as this court may deem just and proper.

Respectfully Submitted

s/Scott E. Kegel
Scott E. Kegel, Esq.
Allison E. Gutberlet, Esq.
Post Office 403
Isle of Palms, South Carolina 29451
Phone: (843) 270-1005
Fax:     (888) 613-3704
sekegel@bellsouth.net
allison@agbrownlawgroup.com
*Attorneys for Plaintiff*

Charleston, South Carolina
August 3, 2022

IN THE STATE OF SOUTH CAROLINA )
COUNTY OF CHARLESTON )

CATRINA MINUS,

                        Plaintiff,

        v.

WALMART INC., d/b/a WALMART
3367,

                        Defendant.

IN THE COURT OF COMMON PLEAS
FOR THE 9TH JUDICIAL CIRCUIT
CASE NO: 2022-CP-10-3498

**PLAINTIFF'S STANDARD AND FIRST
SET OF INTERROGATORIES TO
DEFENDANT**

**TO:   THE ABOVE NAMED DEFENDANT, AND ALL COUNSEL OF RECORD:**

The Plaintiff CATRINA MINUS (herein referred to as "Plaintiff") pursuant to Rule 33 of

the South Carolina Rules of Civil Procedure, hereby requests Defendant  WALMART INC.

d/b/a/ WALMART 3367, (herein referred to as "Defendant") answer under oath separately and

fully in writing the following Interrogatories within forty-five (45) days after the service hereof.

These interrogatories are deemed to be continuing, and if complete answers to any of them are

presently unavailable, supplemental answers are required at the time the information becomes

available and prior to trial.

## DEFINITIONS AND INSTRUCTIONS

A.     These requests are deemed to be continuing, such as to require Defendant to file and
       serve supplemental answers should it learn of additional information called for by these
       requests between the time of trial and the time its answers are filed.  Said supplemental
       answers are required to be served within a reasonable time after the discovery of such
       additional information.

B.     You are under a duty to promptly amend prior responses to these requests if you obtain
       information upon the basis of which you know the response was incorrect when made or
       you know the response, though correct when made, is no longer true.

C.   "You", or "your" means Defendant  WALMART INC. d/b/a/ WALMART 3367 its agents, partners, accountants, servants, employees, assignees, lessees, affiliates or anyone acting on their behalf, and any affiliate, subsidiary, parent or related corporation, partnership or entity, and anyone acting for or on behalf of any such subsidiary, related corporation, parent, partnership, entity or natural person.

D.   "Person" means natural persons, corporations, partnerships, sole proprietorships, associations, federations, government agencies, or any other kind of entity.

E.   "Identify" when used with respect to an individual, means to state the person's full name and any aliases now or previously used by such person, to state and identify the person's present occupation and principal business affiliation and any other business affiliations; present home address and business address or addresses; and present and past business affiliations or relations including those (if any) with any of the parties to this civil action.

F.   "Identify" when used in reference to a person (as defined above) other than a natural person, means to state its full name; the nature of its organization including the name or the state under which it was organized; its address(es); the address(es) of its principal place(s) of business; its principal line(s) of business; and identify all known natural persons who serve as officers, directors, partners, owners, or in other supervisory or ownership capacity in said organization.  If any of the above information is not available to Defendant, state any other available means of identifying such person.

G.   "Defendant" shall refer to  WALMART INC. d/b/a/ WALMART 3367 its agents, partners, attorneys, accountants, servants, employees, assignees, lessees, affiliates or anyone acting on its behalf, and any affiliate, subsidiary, parent or related corporation, partnership or entity, and anyone acting for or on behalf of any such subsidiary, related corporation, parent, partnership, entity or natural person.

## STANDARD INTERROGATORIES

1. Give the names, addresses and telephone numbers of persons who may be witnesses concerning the facts of this action or who have knowledge of relevant facts concerning this incident, and indicate whether or not written or recorded statements have been taken from the witnesses, and indicate who has possession of such statements.

2. For each person listed in response to the above Interrogatory, set forth either a summary sufficient to inform the Plaintiff of the important facts known to or observed by such witness or, if applicable, provide a copy of any written or recorded statements taken from such witnesses.

3. Set forth a list of photographs, plats, sketches or other prepared documents in possession

2

of the Defendant, or counsel, that relates to the claim or defense in this case.

4. Set forth the names and addresses of all insurance companies which have liability insurance coverage or property damage coverage relating to the claim and set forth the number or numbers of the policies involved and the amount or amounts of liability coverage provided in each policy.

5. List the names, addresses, and telephone numbers of any individual whom you propose to use as an expert witness at the trial of this action and for each state in detail their qualifications to testify and the substance of his or her opinions and the basis for his or her opinion.

6. If the Defendant is improperly identified, give the proper identification and state whether counsel will accept service of an amended Summons and Pleading reflecting the correct information.

## SUPPLEMENTAL INTERROGATORIES

1. Identify each person or entity which was your landlord at 4920 Centre Pointe Dr North Charleston SC 29418 on May 31, 2021.

2. Identify by name, address, and phone number the senior-most on-site person who, on May 31, 2021, had the power, authority, and responsibility to manage, direct, superintend, restrict, regulate, govern, administer, and/or oversee the management of the premises located at 4920 Centre Pointe Dr North Charleston, SC 29418. This person is commonly known as the "General Manager."

3. Identify by name, address, and phone number the senior-most on-site person who, on May 31, 2021, had responsibility for cleaning, monitoring, and maintaining the premises located at 4920 Centre Point Dr North Charleston SC 29418.

4. As to each expert witness listed in response to Standard Interrogatory Number 5 above, please state:
   a. A complete statement of all opinions the witness will express and the basis and reasons for them;
   b. The data and other information considered by the witness in forming the opinions;
   c. A description of any exhibits the witness or counsel intends to introduce to summarize or support these opinions (to be provided in response to Requests for Production);
   d. The witness's qualifications, including a list of all publications authored in the previous ten years;
   e. A list of all other cases in which, during the previous 5 years, the witness testified

3

as an expert at trial or by deposition;

 f. A statement of the compensation to be paid for the study and testimony in the case.

5. For each affirmative defense that is raised in your answer, please state with particularity each and every fact or basis in law upon which you allege to have "good grounds," as defined in Rule 11 SCRCP, to assert such a defense. A full and complete response should include, for each defense:

 a. Identify all witnesses that support this contention.
 b. Identify all writings that support this contention.
 c. Identify all court cases upon which you base this contention.
 d. Identify all statutes that you rely on to support this contention.

6. For all photographs relating to this case which are in the possession of the Defendant or the Defendant's counsel, please provide:

 a. A brief description of the content of the photograph;
 b. The date the photograph was taken;
 c. The name, address and employer of the person who took the photograph.

7. Has the Defendant ever been involved in any other legal action, either as a Defendant or as a Plaintiff?  If so, please state:

 a. The date and place each such action was filed, giving the name of the other party or parties involved, the number of such actions, and the names of the attorneys representing all parties;
 b. A description of the nature of each action; and
 c. The result of each such action.

8. State separately each fact of which the Defendant or the Defendant's attorney, has knowledge, or plans to use as evidence against the Plaintiff.  For each separate fact identify the following:

 a. The individual's name, address, and telephone number who will testify to this fact;
 b. The source of the fact to which this individual will testify; and
 c. Any documents which support the allegations.

9. Were any statements (oral or written) concerning the incident made to you, any police officer, private investigator, insurance company agent or adjuster, or anyone else? If so, state:

 a. The name, address and employer of the person to whom the statement was made;
 b. The date of each statement;
 c. Whether the statement was oral or written, and if oral, whether it was recorded;
 d. The name and address of the custodian(s) of each statement.

10. Please identify all video cameras on Defendant's premises at the time of the fall and within how many feet of the fall they captured film. If no cameras, so state.

11. Describe with particularity exactly what occurred in the ten minutes prior to the incident which is the subject of the above action (hereinafter referred to as "the incident"), what occurred during the incident, and what occurred in the ten minutes after the incident, including anything said by or to you or one of your agents or employees. State what you, or any of your agents or employees saw happen with respect to the incident and what you or any one of your agents or employees did to assist Plaintiff after the incident.
    a. Five minutes prior to the accident;
    b. During the accident (including a description of how the accident occurred);
    c. Ten minutes after the accident.

12. Other than this incident, has any person reported injury from falling merchandise or handing off merchandise/stock in the area where this incident occurred during the five-year period prior to the date of this incident, up to present day? If so, as to each such reported slip and/or trip and/or fall incident, please provide the following information:
    a. The date of each such incident;
    b. A brief description of each such incident, including the type of surface on which the person involved in each such incident slipped and/or tripped and/or fell;
    c. A brief description of the injuries suffered by any person involved in each such incident;
    d. Whether any of the incidents referred to above resulted in a claim and/or lawsuit, and if so, the name of each claimant, date of the filing of each such claim and/or lawsuit, the civil number, and a summary of the disposition of each such claim or lawsuit.

13. During the five-year period before this incident, did you receive any reports and/or complaints with regard to a condition of the pedestrian walkway in the area where this incident occurred? If so, please state:
    a. The date of such complaint and/or report;
    b. Whether or not you have or maintained any documentary material of any kind or nature relating or referring to such complaints and/or reports;
    c. What action, if any, was taken by you with respect to such complaint and/or report

14. If anyone investigated this matter for you, state their name(s) and address(es), and state whether such investigation was reduced to writing, and the substance of their investigation and findings. If said investigators obtained any signed, recorded, transcribed or oral statement from any individual, identify the person who gave the statement and the present custodian of such statement. "Investigators" is deemed to include, but is not limited to, medical experts, private investigators, and/or insurance adjusters.

15. Do you believe or have any information tending to show that the injuries to the plaintiff were due to any cause other than the cause referred to in the complaint? If so, state:
    a. Each fact on which the defendant bases this claim and all information within the Defendant's knowledge that tends to show alleged negligence on the part of the Plaintiff;
    b. The name, address, and telephone number of each person having personal knowledge of the facts and information set forth in the answer to this interrogatory.

16. Do you believe or have information tending to show that the injuries claimed to have been sustained by Plaintiff were caused or contributed to by any negligent act or omission on the part of any person not named as a defendant in this action? If so, state:
    a. The name, address, and telephone number of each person;
    b. The nature of each negligent act or omission and the manner in which it was allegedly committed or omitted;
    c. The name and address of each person who has personal knowledge of any information concerning each negligent act or omission on the part of such person.

_s/_ Allison E Gutberlet
Allison E. Gutberlet, Esq.
Scott E. Kegel, Esq.
Post Office 403
Isle of Palms, South Carolina 29451
Phone: (843) 270-1005
Fax:    (888) 613-3704
sekegel@bellsouth.net
allison@agbrownlawgroup.com
_Attorneys for Plaintiff_

Charleston, South Carolina
August 16, 2022

IN THE STATE OF SOUTH CAROLINA )        IN THE COURT OF COMMON PLEAS
COUNTY OF CHARLESTON              )      FOR THE 9TH JUDICIAL CIRCUIT
                                         CASE NO: 2022-CP-10-3498

CATRINA MINUS,

                         Plaintiff,

           v.                            **PLAINTIFF'S FIRST REQUESTS FOR**
                                         **PRODUCTION TO DEFENDANT**

WALMART, INC., d/b/a/ WALMRT
3367,

                         Defendant(s).

**TO:    THE ABOVE NAMED DEFENDANT, AND ALL COUNSEL OF RECORD:**

The Plaintiff CATRINA MINUS, (herein referred to as "Plaintiff") pursuant to Rule 34 of

the South Carolina Rules of Civil Procedure, hereby requests that the Defendant WALMART

INC., d/b/a/ WALMART 3367, (herein referred to as "Defendant") responds within forty-five (45)

days after the service hereof to the following request, to wit, that the Defendant produce and permit

the Plaintiff to inspect, copy or photograph each of the following documents or things, which may

be in the possession, custody or control of the Defendant or their attorneys.

## DEFINITIONS AND INSTRUCTIONS

A.    These requests are deemed to be continuing, such as to require Defendant to file and serve
      supplemental answers should it learn of additional information called for by these requests
      between the time of trial and the time its answers are filed. Said supplemental answers are
      required to be served within a reasonable time after the discovery of such additional
      information.

B.    You are under a duty to promptly amend prior responses to these requests if you obtain
      information upon the basis of which you know the response was incorrect when made or
      you know the response, though correct when made, is no longer true.

C.    "You", or "your" means Defendant WALMART INC. d/b/a/ WALMART 3367, its agents,
      partners, accountants, servants, employees, assignees, lessees, affiliates or anyone acting

on their behalf, and any affiliate, subsidiary, parent or related corporation, partnership or entity, and anyone acting for or on behalf of any such subsidiary, related corporation, parent, partnership, entity or natural person.

D.    "Person" means natural persons, corporations, partnerships, sole proprietorships, associations, federations, government agencies, or any other kind of entity.

E.    "Identify" when used with respect to an individual, means to state the person's full name and any aliases now or previously used by such person, to state and identify the person's present occupation and principal business affiliation and any other business affiliations; present home address and business address or addresses; and present and past business affiliations or relations including those (if any) with any of the parties to this civil action.

F.    "Identify" when used in reference to a person (as defined above) other than a natural person, means to state its full name; the nature of its organization including the name or the state under which it was organized; its address(es); the address(es) of its principal place(s) of business; its principal line(s) of business; and identify all known natural persons who serve as officers, directors, partners, owners, or in other supervisory or ownership capacity in said organization. If any of the above information is not available to Defendant, state any other available means of identifying such person.

G.    "Defendant" shall refer to WALMART INC. d/b/a/ WALMART 3367, its agents, partners, attorneys, accountants, servants, employees, assignees, lessees, affiliates or anyone acting on its behalf, and any affiliate, subsidiary, parent or related corporation, partnership or entity, and anyone acting for or on behalf of any such subsidiary, related corporation, parent, partnership, entity or natural person.

## DOCUMENTS REQUESTED

1.    The lease agreement, if any, that was in effect of MAY 31, 2021 with respect to the property located at 4920 CENTRE POINTE DR NORTH CHARLESTON, SC 29418.

2.    All documents identified in answers to the Interrogatories of the Plaintiff.

3.    All documents referred to in preparing the answer to the Interrogatories of the Plaintiff.

4.    All photographs, videotapes, maps, plats, drawings, diagrams, measurements, surveys, or other descriptions related in any way to the subject matter of this action, made either before or after the incident that is the subject of this action.

5.    Any and all documents or other tangible items, including books, records, reports, photographs, moving pictures, videotapes, drawings, charts, maps, diagrams,

models, or other documentary materials or tangible objects that the Defendant intends to rely upon to support the Defendant, and or which the Defendant intends to offer into evidence as exhibits or use as demonstrative aids at the trial of this action.

6. All statements of any witnesses in the possession of the Defendant or the Defendant's attorney, whether written or recorded on a tape recorder or otherwise, that relates to the matters alleged in the Plaintiff's Complaint or the Defendant's Answer.

7. All memoranda, notes, diagrams, reports, photographs, e-mails, computer data or documents, video tapes and audio tapes, or other materials relating in any way to the matters alleged or referred to in the Complaint, any injuries or damages claimed, and any defenses raised or which could reasonably be raised. As part of this production, this should include all photographs, video tapes and audio tapes of the Defendant participating in any activity or event on or after the date of the accident/incident.

8. To produce or permit the Plaintiff or the Plaintiff's attorney to inspect, to photograph, and otherwise copy all photographs, plats, or diagrams, the Defendant or the Defendant's attorney may have in which relate to the matter alleged herein.

9. Any documents (as defined in S.C.R.C.P. 34 (a)), and tangible things of whatever nature and description which you intend to introduce into evidence or to use as impeachment or evidence at the trial of this case.

10. The most recent resume or curriculum vitae of any experts that will be used at trial or in preparing documents in response to this or other inquiries by the Plaintiff.

11. Copies of any statutes relied upon by the Defendant in the answer.

12. Copies of any statutes relied upon by the Defendant in any pre-trial motions.

13. Copies of any statutes that will be relied upon by the Defendant at trial.

14. Results from any tests ordered by the Defendant or any expert that is used to support the position of the Defendant.

15. Receipts of all transactions with the experts used in trial preparation including receipts for payment for services.

16. A copy of all non-privileged documents relating to any pending criminal or civil

matter involving the Defendant in any manner.

17. A copy of any employee records from date that is subject of this action, including but not limited to timesheets, employee logs, staff lists, and employee reports.

18. A complete copy of any insurance policies, including the declarations page, for any policies that might provide coverage to Defendant for the allegations contained in the Complaint.

19. A copy of any video recorded on the date that is subject of this action at Defendant's premises, whether or not it recorded the actual incident.

20. Maintenance, inspection, repair records and work orders regarding the subject premises for the day of the incident, and one year preceding the incident.

21. Any daily inspection logs, reports, or lists for subject premises for day of incident and one year preceding the incident.

22. Any photographs, movies, and/or videotapes of the area involved in the incident or Plaintiff's injuries and/or which reflect the scene of the incident, immediately before incident, or for two days after the incident.

23. All maintenance invoices in the possession, custody or control of Defendant or its agents, attorneys, investigators, or insurance carriers regarding the premises subject to the incident.

24. Any and all training manuals and/or videos used in training of employees. This includes general employment, management manuals, or videotapes concerning safety generally or machinery operating guidelines, rules or regulations.

25. Any and all Policies and Procedures related to stocking and retrieving items.

26. Any and all Corporate Policies and Procedures related to stocking and retrieving items.

27. Human Resources file for the Assistant Manager who was involved in this incident to include disciplinary reports, training reports, and all other documents contained in the Human Resources file

28. All OSHA or South Carolina Department of Labor records or documents in regard to premises safety including records from one year prior to the incident subject of this action, and to present.

29. Any and all documents, reports, audits or other documents provided to Defendant

by their insurance carrier or any insurance carrier regarding risk management, improvement and safety related issues. This request encompasses and includes any insurance company, agent, consultant, or safety related entity that has inspect Defendant's premises to determine if they had any safety issues which could be corrected or improved.

30. Any other documents, videos, photographs, or other tangible things (other than checks) provided to your insurance carrier or attorneys regarding this incident whether specifically requested above or not. If you intend to claim a privilege on any of these particular documents please see below but note that just because you produce something to an attorney does not make it privileged.

## PRIVILEGE

For each document that would be required to be produced but for a privilege asserted against producing it, set forth:

a)    The date the document was generated

b)    The type of document (e.g., letter, memorandum, record, etc.)

c)    The name of the person who prepared the original

d)    The name and address of the person who received the original

e)    The name and address of anyone who received a copy

f)    A general description of the information recorded in the document

g)    The ground on which production is objected to

h)    The name of each person, in addition to those identified in 8 through (e) of this subpart, known to have seen or have access to the document, and

i)    The name of the person who now possesses the document.

## DOCUMENTS NO LONGER IN EXISTENCE OR NO LONGER CONTROLLED OR POSSESSED

If any requested document existed at one time in the possession, custody, or control of any party but has been lost, discarded or destroyed, or removed from the party's possession, custody or control, indicate for each such document:

a)      Its identity (i.e., a description of its contents its date, title, and type of document)

b)      When it was most recently in the possession, custody or control of the party and what

c)      Identify any person who currently possesses the document.

d)      State whether the document was transferred or destroyed.

e)      State the person who transferred or destroyed the document and the person who authorized or knows of its transfer or destruction.

f)      State the reason the document was transferred or destroyed, and

g)      Identify, by providing name, address, and daytime telephone number, all persons having knowledge or the contents of each document.

*s/* Allison E Gutberlet
Allison E. Gutberlet, Esq.
Scott E. Kegel, Esq.
Post Office 403
Isle of Palms, South Carolina 29451
Phone: (843) 270-1005
Fax:    (888) 613-3704
sekegel@bellsouth.net
allison@agbrownlawgroup.com
*Attorneys for Plaintiff*

Charleston, South Carolina
August 16, 2022